IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRIA STOCKMAN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 16-cv-08059 |
| v. | ) | |
| | ) | |
| CREDIT PROTECTION ASSOCIATION, LP, | ) ) | |
| | ) | Jury Demanded |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Alexandria Stockman, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff.

**PARTIES**

5. Plaintiff, Alexandria Stockman ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Peoples Gas Light & Coke Company consumer utility account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant Credit Protection Association, LP ("Credit Protection") is a Texas limited partnership that does or transacts business in Illinois. Its registered agent is National CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. (Exhibit A, Record from the Texas Office of the Comptroller).

7. Credit Protection is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Defendant Credit Protection holds a collection agency license from the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Responsibility).

9. Defendant Credit Protection is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

10. Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Peoples Gas Light & Coke Company consumer utility account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

11. Due to her financial circumstances, Plaintiff could not pay the alleged debt and it went into default.

12. Peoples Gas subsequently assigned the alleged debt to Credit Protection for collection.

13. On or about June 29, 2016, Credit Protection sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

14. The Letter conveyed various information regarding the alleged debt, including the identity of the original creditor, an account number and a service balance on the alleged debt.

15. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

16. The Letter states, in part:

> **You authorize us to collect the state allowed service fee and any applicable sales tax through a draft or an electronic fund transfer from your account if your payment is returned unpaid.**

17.

18. The Illinois Uniform Commercial Code, 810 ILCS 5/3-806, provides that "[a]ny person who issues a check or other draft that is not honored upon presentment because the drawer does not have an account with the drawee, or because the drawer does not have sufficient funds in his account, or because the drawer does not have sufficient credit with the drawee, shall be liable in the amount of $25, or for all costs and expenses, including reasonable attorney's fees, incurred by any person in connection with the collection of the amount for which the check or other draft was written, whichever is greater. . . ."

19. Illinois law, thus, limits the amount that can be collected on a returned check to $25.

20. No tax may be assessed on a returned check, including a sales tax.

21. There is no set of circumstances where Defendant could charge Plaintiff a sales tax on a returned payment.

22. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

**(A) the character, amount, or legal status of any debt; or…**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

23. Credit Protection made a false statement in connection with the collection of a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), when it stated that a sales tax could be collected on a returned check, which is not permitted under Illinois law.

24. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) The collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

25. Credit Protection used unfair and unconscionable means to attempt to collect a debt when it threatened to charge a sales tax on a returned check when such a tax is not permitted under Illinois law, in violation 15 U.S.C. §§ 1692f and 1692f(1).

26. The Letter further states:

**The check maker may be subject to collection and possibly legal action if the check amount and fees are not paid.**

27. Plaintiff believed, and the unsophisticated consumer would believe, that Credit Protection would sue her if her check was returned unpaid.

28. Credit Protection does not sue consumers in Cook County.

29. Credit Protection's threat was false, as it did not intend to take legal action against Plaintiff for a returned check.

30. Conditional language (i.e. "*possible* legal action"), particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F. 3d 1055 (9th Cir. 2011) (cited by *Lox v. CDA, Ltd.*, 689 F. 3d 818 (7th Cir. 2012)).

31. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

32. Credit Protection threatened legal action against Plaintiff that it did not intend to take, in violation of 15 U.S.C. §§ 1692e and 1692e(5), when it threatened legal action if Plaintiff's check was returned unpaid.

33. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—

34. Plaintiff re-alleges above paragraphs as set forth fully in this count.

35. Credit Protection made a false statement in connection with the collection of a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), when it stated that a sales tax could be collected on a returned check, which is not permitted under Illinois law.

36. Credit Protection used unfair and unconscionable means to attempt to collect a debt when it threatened to charge a sales tax on a returned check when such a tax is not permitted under Illinois law, in violation 15 U.S.C. §§ 1692f and 1692f(1).

37. Credit Protection threatened legal action against Plaintiff that it did not intend to take, in violation of 15 U.S.C. §§ 1692e and 1692e(5), when it threatened legal action if Plaintiff's check was returned unpaid.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3);

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
celethachatman@woodfinkothompson.com