# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALEXANDRIA STOCKMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 16 C 8059 |
| CREDIT PROTECTION ASSOCIATION, LP., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Alexandria Stockman's (Stockman) motion for summary judgment, Plaintiff Elliott Gonzalez's (Gonzalez) motion for summary judgment, and Defendant Credit Protection Association, LP's (CPA) motions for summary judgment. For the reasons stated below, CPA's motions for summary judgment are granted and Plaintiffs' motions for summary judgment are denied.

## BACKGROUND

Although Stockman and Gonzalez have brought separate actions that have not been consolidated, their claims are premised on identical statements in the collection letters sent to each of them and are brought against the same Defendant. Although

1

the record reflects that Stockman and Gonzalez gave individual testimony at their depositions, there are no material differences in their claims that would require a separate analysis for their claims. The summary judgment briefs filed by both sides in both cases are also nearly identical. In the interest of judicial efficiency, the court will therefore enter one memorandum opinion for both cases.

Plaintiffs admit that they failed to pay Peoples Gas Light & Coke Company (PGLCC) and that they owed an unpaid debt to PGLCC. In October 2015, PGLCC allegedly submitted Gonzalez's account to CPA for collection. In December 2015 CPA allegedly sent Gonzalez a collection letter. In June 2016, CPA allegedly submitted Stockman's account to CPA for collection and CPA allegedly sent Stockman a collection letter. The relevant portions of the collections letters sent to Stockman and Gonzalez were identical. Plaintiffs contend that the language in the collection letters constituted technical violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* and that they suffered some concerns and distress as a result. Plaintiffs have each moved for summary judgment and CPA has moved for summary judgment in both cases.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine

2

issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should "construe the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

## DISCUSSION

It is undisputed that the collection letters sent to Stockman and Gonzalez both contained the following language:

> You authorize us to collect the state allowed service fee and any applicable sales tax through a draft or an electronic fund transfer from your account if your payment is returned unpaid. The check maker may be subject to collection and possibly legal action if the check amount and fees are not paid.

(ST RSF Par. 9); (G RSF Par. 9). Pursuant to 15 U.S.C. § 1692e (Section 1692e), "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* In addition, pursuant to 15 U.S.C. § 1692f , "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.*

I. Standing

CPA argues that Plaintiffs lack standing in the instant action. Article III of the Constitution limits federal court jurisdiction to "'cases' or 'controversies,' and therefore federal courts are restricted to resolving only the legal rights of litigants in actual controversies." *Wright v. Calumet City, Illinois*, 848 F.3d 814, 816 (7th Cir. 2017)(internal quotations omitted)(quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1528 (2013)); *see also Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016)(stating that the Supreme "Court held that a concrete injury is required "even in the context of a statutory violation")(internal quotations omitted)(quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546 (2016)).

CPA argues that Plaintiffs have not shown that they have suffered any actual harm. Plaintiffs contend that they suffered harm in the form of concerns, stress, and the deprivation of their right not to be sent false, misleading, and threatening statements from a debt collector. Stockman testified that after receiving the collection letter, she has a "general feeling" that CPA was going to sue her and Stockman asserts she suffered certain distress. (ST RSF Par. 18, 22). It is

4

questionable how concerned Stockman was when she believed she might be sued considering the undisputed fact that her spouse is a consumer law attorney and is in fact the attorney representing her in this action. (ST RSF Par. 18-19). Gonzalez also testified as to certain general stress that he claims to have suffered. (G RSF Par. 28). Although any actual concrete injury to either of Plaintiffs appears to be minimal, even bordering on invisible, the courts in this district in this Circuit and other Circuits have consistently held that the type of violations of the FDCPA alleged in this case are sufficient to confer Article III standing. *See, e.g., Church v. Accretive Health, Inc.*, 654 F. App'x 990, 994 (11th Cir. 2016); *Haddad v. Midland Funding, LLC*, 2017 WL 1550187, at *3 (N.D. Ill. 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *2 (N.D. Ill. 2016); *Lane v. Bayview Loan Servicing, LLC*, 2016 WL 3671467, at *2 (N.D. Ill. 2016)(finding Article III standing when considering the ruling in *Spokeo*); *Pogorzelski v. Patenaude*, 2017 WL 2539782, at *3 (E.D. Wis. 2017)(stating that the plaintiff's "alleged violation of [the plaintiff's] right to receive certain required information under the FDCPA is not hypothetical or uncertain" and that the plaintiff "had a right to receive this information" and that Article III standing is satisfied "[a]lthough her alleged injury may not have resulted in tangible economic or physical harm"); *Allgire v. HOVG, LLC*, 2017 WL 1021394, at *3 (S.D. Ind. 2017)(stating that "it is possible to allege the statutory violations the Plaintiff alleges with no resulting harm or risk of harm"); *Everett v. Fin. Recovery Servs., Inc.*, 2016 WL 6948052, at *4 (S.D. Ind. 2016); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773 (S.D. Ind. 2016)(stating that "[t]he FDCPA

established a new right to receive required disclosures from debt collectors and a new injury for failure to receive such disclosures"). This court concludes that the evidence is such that Plaintiffs have presented sufficient evidence to show that they have standing in this action, although as explained below, Plaintiffs have failed to present sufficient evidence to support their motions for summary judgment or to defeat CPA's motions for summary judgment.

II. Materiality of Reference to Returned Checks

CPA argues that some of the alleged violations of the FDCPA are immaterial. The Seventh Circuit has made clear that in FDCPA cases, the state of mind of the plaintiff and the materiality of the alleged representations should be considered by the court. *See Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757–58 (7th Cir. 2009)(stating that the Court did "not see any reason why materiality should not equally be required in an action based on § 1692e"). The Seventh Circuit has explained that the FDCPA "is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." *Id.*

In the instant action, Plaintiffs claim that they were concerned about the reference in the collection letters to consequences if checks were returned unpaid. However, Stockman has not pointed to any evidence showing that she intended to pay her debt by check or pointed to any evidence showing that the statements in the

letter somehow influenced her decisions relating to paying off the debt. Stockman in fact testified that she never disputed the debt and had intended to pay the debt. (ST RSF Par. 17). Gonzalez also specifically testified that if he had paid his debt, it would not have been by check. (G RSF Par. 33). Although Gonzalez appears to be claiming stress from supposed threats of consequences of returned checks, it is undisputed that Gonzalez has never made any payments to PGLCC by check and that Gonzalez "does not even own any paper checks and hasn't made any payments by check for more than ten years." (G RSF Par. 29, 31). Gonzalez testified that if he had decided to make a payment to PGLCC, it would have been made through a debit card. (G RSF Par. 33). Therefore, Gonzalez's alleged stress relating to the consequences of returned checks is not reasonable. Thus, it is clear from the undisputed facts that no reasonable trier of fact could conclude that the stress allegedly suffered by Stockman and Gonzalez when they received the collection letters stemmed from a concern about returned checks since there is no evidence showing that any checks would be involved in this case. There is not sufficient evidence for a reasonable trier of fact to conclude that Plaintiffs could have suffered or in fact suffered any stress related to the statements by CPA as to returned checks.

III. Truthfulness of Statements

CPA argues that the statements in the collection letters relating to a sales tax and potential legal action were not false or misleading and did not violate the FDCPA. A plaintiff bringing a FDCPA claim under Section 1692e must show that

7

the statement was false or misleading, and such a plaintiff also "bears the burden of proving that even a false statement would mislead or deceive the unsophisticated consumer." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009). As indicated above, it is undisputed that the collection letters stated the following: "You authorize us to collect the state allowed service fee and any *applicable* sales tax through a draft or an electronic fund transfer from your account if your payment is returned unpaid." (ST RSF Par. 9); (G RSF Par. 9)(emphasis added). Although Plaintiffs assert that under Illinois law a sales tax cannot be recovered, there is no dispute that the letter merely warned Plaintiffs of the recovery of a potential "applicable sales tax." (ST RSF Par. 9); (G RSF Par. 9). It is further undisputed that CPA does not seek to collect such sales taxes in states where such a recovery is not allowed under state law. (ST RSF Par. 41); (G RSF Par. 41). There is no justification from the brief reference in the collection letters to an "applicable sales tax" for a reasonable consumer to conclude that sales taxes are recoverable under Illinois state law. In addition, according to the collection letters, the sales tax could only come into play if there was a returned check, and as explained above, there is no evidence showing that either of the Plaintiffs ever anticipated paying their debt with a check. The undisputed facts show that CPA did not make to Plaintiffs any statements that were false or misleading. Thus, regardless of whether checks or returned checks were involved, the undisputed facts are such that no reasonable trier of fact could conclude that the statements by CPA to Plaintiffs including references to the sales tax or potential legal action were false or misleading.

IV. Threat of Legal Action

CPA argues that the reference in the collection letters to potential legal action did not constitute a threatening statement or violate the FDCPA. Section 1692e prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); *see also* 15 U.S.C. § 1692a(2)(stating that "[t]he term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium"). The mere mention of a potential future legal action is not alone sufficient to violate the FDCPA. *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998). In order to violate the FDCPA, there must be something to suggest that such litigation is imminent or that the decision to sue has already been made. *Id.* In the instant action, no reasonable trier of fact could conclude that the mere statement in the collection letters that the debt might be "subject to collection and possibly legal action" indicated imminent litigation or that a decision had already been made to pursue litigation. Based on the undisputed facts, no reasonable trier of fact could conclude that the collection letters contained threatening statements or improperly threatened a legal action. Nor have Plaintiffs pointed to evidence which would enable a reasonable trier of fact to conclude that any means of collection by CPA was unconscionable. Plaintiffs cite evidence that they claim shows that CPA did not intend to sue Plaintiffs. (STSF Par. 13). However, as CPA correctly notes, it had no reason to contemplate suit based on the questioned provisions in the collection letters

since Plaintiffs never made a payment with a check in the first place that could have been returned as unpaid if they made it. (R STSF Par. 13). The undisputed facts show that CPA did not improperly threaten any legal action. Based on the above, CPA's motions for summary judgment are granted and Plaintiffs' motions for summary judgment are denied.

## CONCLUSION

Based on the foregoing analysis, CPA's motions for summary judgment are granted and Plaintiffs' motions for summary judgment are denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 28, 2017